**Form 210A (10/06)**

# United States Bankruptcy Court
## District of Delaware

In re:     **Pueblo International, LLC,**
Case No.     **07-11039, (Jointly Administered Under Case No 07-11038)**

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or **deemed filed** under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to **Rule 3001(e)(2)**, Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Name of Transferee:<br>**Fair Harbor Capital, LLC**<br>As assignee of Continental Concession Supplies Inc. | Name of Transferor:<br>**Continental Concession Supplies Inc.** |

| | |
|---|---|
| Name and Address where notices to transferee should be sent:<br><br>**Fair Harbor Capital, LLC**<br>**Ansonia Finance Station**<br>**PO Box 237037**<br>**New York, NY 10023** | Court Claim # (if known): 3901655<br>Amount of Claim: $4,766.40<br>Date Claim Filed:<br><br>Name and Address of Transferor:<br><br>Continental Concession Supplies Inc.<br>Gary Oswald<br>250 Fulton Ave<br>New Hyde Park, NY 11040 |
| Phone:    212 967 4035<br>Last Four Digits of Acct #:    n/a | Phone:<br>Last Four Digits of Acct. #:    n/a |

Name and Address where transferee payments should be sent (if different from above):

Phone:    n/a
Last Four Digits of Acct #:    n/a

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:    /s/*Fredric Glass*            Date:    August 17, 2009
     Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# United States Bankruptcy Court
## District of Delaware

In re:     Pueblo International, LLC,
Case No.    07-11039, (Jointly Administered Under Case No 07-11038)

**NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

### Claim No. 3901655 (if known)

was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on August 17, 2009.

Name of Transferee:                          Name of Alleged Transferor:
**Fair Harbor Capital, LLC**                 **Continental Concession Supplies Inc.**
   **As assignee of Continental Concession Supplies Inc.**

**Fair Harbor Capital, LLC**
**Ansonia Finance Station**                    Name and Address of Alleged
**PO Box 237037**                                    Transferor:
**New York, NY 10023**

                                                         Continental Concession
                                                         Supplies Inc.
                                                         Gary Oswald
                                                         250 Fulton Ave
                                                         New Hyde Park, NY 11040

**~DEADLINE TO OBJECT TO TRANSFER~**

The transferor of claim named above is advised the this Notice of Transfer of Claim Other than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objection must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                                 _____
                                                                            Clerk of the Court

United States Bankruptcy Court
District of Delaware

------------------------------------------------------------X
In re:                                          : Chapter 11
                                                : Case No. 07-11039
Pueblo International, LLC                       : (Jointly Administered Under Case No. 07-11038)
    Debtor                                      : Amount $4,766.40
------------------------------------------------------------X

## TRANSFER OF TRADECLAIM OTHER THAN FOR SECURITY AND WAIVER OF NOTICE
Bankruptcy Rule 3000(e)

PLEASE TAKE NOTICE that the scheduled TRADE CLAIM of **Continental Concession** ("Transferor") against the Debtor(s) in the amount of $4,766.40, as listed within Schedule F of the Schedule of Assets and Liabilities filed by the Debtor(s), and all claims (including without limitation the Proof of Claim, if any, identified below and Transferor's rights to receive all interest, penalties, cure payments that it may be entitled to receive on account of the assumption of any executory contract or lease related to the Claim and fees, if any, which may be paid with respect to the Claim and all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing, and all cash, securities, instruments and other property which may be paid or issued by Debtor in satisfaction of the Claim) of Transferor have been transferred and assigned other than for security to Fair Harbor Capital, LLC ("Transferee") in consideration of the sum of ▓▓▓▓▓. The signature of the Transferee on this document is evidence of the Transfer of the claims and all rights and benefits of Transferor relating to the Claim. The Claim is based on amounts owed to Transferor by Debtor and this transfer shall be deemed an absolute and unconditional transfer of the Claim for the purpose of collection and shall not be deemed to create a security interest. Please note that Fair Harbor Capital, LLC is not obligated to file any application, motion, Proof of Claim or other document with the Bankruptcy Court with regard to your claim.

I, the undersigned Transferor of the above-described claims, hereby assign and transfer my claims and all rights there under to the Transferee upon terms as set forth in cover letter received. I represent and warrant that the claim is not less than $4,766.40 and has not been previously objected to, sold, or satisfied. Upon notification by Transferee, I agree to reimburse Transferee a pro-rata portion of the purchase price if the claim is reduced, objected to, or disallowed in whole or part by the Debtor, the Court, or any other party and Transferor represents and warrants that there are no offsets or defenses or preferential payments that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value.

A Proof of Claim Has in the amount of $ 4766.40 /Has not (strike one) been duly and timely filed in the Proceedings (and a true copy of such Proof of Claim is attached to this Assignment). If the Proof of Claim amount differs from the Claim amount set forth above, Transferee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

In the event the Claim is ultimately allowed in an amount in excess of the amount purchased herein, Transferor is hereby deemed to sell to Transferee, and, at Transferee's option only, Transferee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein not to exceed twice the Claim amount specified above. Transferee shall remit such payment to Transferor upon Transferee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection by the Debtor.

I, the undersigned Transferor hereby authorize Transferee to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP"), with respect to the Claim, while Transferee performs its due diligence on the Claim. Transferee, at its sole option, may subsequently transfer the Claim back to Transferor if due diligence is not satisfactory, in Transferee's sole and absolute discretion pursuant to Rule 3001 (e) of the FRBP. In the event Transferee transfers the Claim back to Transferor or withdraws the transfer, at such time both Transferor and Transferee release each other of all and any obligation or liability regarding this Assignment of Claim. Transferor hereby acknowledges and consents to all of the terms set forth in this Transfer of Claim and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001 (e) of the FRBP. Transferor hereby acknowledges that Transferee may at any time reassign the Claim, together with all right, title and interest of Transferee in and to this Transfer of Claim. All representation and warranties made herein shall survive the execution and delivery of this Transfer of Claim and any such re-assignment.

Other than stated above, Transferee assumes all risks associated with debtor's ability to distribute funds. Transferor agrees to deliver to Fair Harbor Capital, LLC any correspondence or payments received subsequent to the date Transferee signs this agreement. The clerk of the court is authorized to change the address regarding the claim of the Transferor to that of the Transferee listed below.

This Transfer of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal court located in the State of New York, and Transferor consents to and confers personal jurisdiction over Transferor by such court or courts and agrees that service of process may be upon Transferor by mailing a copy of said process to Transferor at the address set forth in this Assignment of Claim, and in any action hereunder Transferor waives the right to demand a trial by jury. Transferor acknowledges that, in the event that the Debtor's bankruptcy case is dismissed or converted to a case under Chapter 7 of the Bankruptcy Code and Transferee has paid for the Claim, Transferor shall immediately remit to Transferee all monies paid by Transferee in regard to the Claim and ownership of the Claim shall revert back to Transferor.

TRANSFEROR:
Continental Concession
Supplies Inc.,
202 Atlantic Ave.
New Hyde Park, NY 11040-5057
Print Name: GARY OSWALD   Title: CONTROLLER
Signature: _____  Date: 8-19-09
Updated Address (If Changed):
Phone: 516-136-9717   Fax: 516-629-4456

TRANSFEREE:
Fair Harbor Capital, LLC
1841 Broadway, Suite 1007
New York, NY 10023

Signature: _____

Fredric Glass, Member Fair Harbor Capital, LLC

07-11039

Page 1 of 1

# United States Bankruptcy Court District of Delaware

**PROOF OF CLAIM**
FORM B10 (04/07)

Name of Debtor: PUEBLO INTERNATIONAL, LLC
Case Number: 07-11039-PJW

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:

200-20041552-48675

CONTINENTAL CONCESSION
SUPPLIES INC
202 ATLANTIC AVE
NEW HYDE PARK, NY 11040-5057

Creditor Telephone Number:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from this bankruptcy court in this case.

☐ Check box if this address differs from the address on the envelope sent to you by the court.

Your claim is scheduled as follows:

$4,766.40 Unsecured

THIS SPACE FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor: 170498

Check here if this claim ☐ Replaces or ☐ Amends a previously filed claim dated _____

**1. BASIS FOR CLAIM**
- ☒ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Other _____
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed from _____ to _____

**2. DATE DEBT WAS INCURRED:** 7/20/07 - 7/25/07

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

Unsecured Nonpriority Claim $ 5,172.27
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

Unsecured Priority Claim
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
Amount entitled to priority $ _____

Secured Claim
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. §507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. §507(a)(___).

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:** $ 5,172.27 (unsecured) $ _____ (secured) $ _____ (priority) $ 5,172.27 (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. DATE STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THE ORIGINAL OF THIS PROOF OF CLAIM MUST BE SENT SO THAT IT IS RECEIVED ON OR BEFORE:

THIS SPACE FOR COURT USE ONLY

IF PROOF OF CLAIM IS SENT BY MAIL, SEND TO:
Nutritional Sourcing Corporation
c/o Administar
P.O. Box 56636
Jacksonville, FL 32241-6636

IF PROOF OF CLAIM IS SENT BY MESSENGER, SEND TO:
Nutritional Sourcing Corporation
c/o Administar
8475 Western Way, Suite 110
Jacksonville, FL 32256

DATE: _____
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)